## TAYLOR *vs.* BRANCH BANK AT HUNTSVILLE.

1. A claimant deriving title to the slave in controversy from the defendant in execution, partly by gift and partly by purchase, consummated before the lien of the execution attached, must be regarded, in a court of law, as a purchaser for a valuable consideration, no fraud being shown in the transaction by which he acquired title.

ERROR to the Circuit Court of Benton.

Tried before the Hon. GEORGE GOLDTHWAITE.

This was the trial of the right of property to a slave named Reuben, claimed by the plaintiff in error, Taylor, after he had been levied on as the property of John Chandler, to satisfy an execution in favor of the Bank.

It appears by a bill of exceptions, that this slave had belonged to the defendant in the execution, but that before the levy, and before any lien attached to him in favor of the Bank, said Chandler being old, and having ten negroes and other property, concluded to divide and distribute his property among his children and their representatives. To this end, he caused his slaves to be valued, and the aggregate

value to be divided by ten, and the negroes were drawn for by lot. The slaves differed in value from $100 to $600; Reuben, the slave in controversy, being estimated as worth $600, and each share being something less than $300. Taylor drew this slave, and agreed to pay to the other distributees a sum sufficient to equalize his share with theirs.

It was also agreed, that the children thus receiving the property should pay the debts of said Chandler.

The proof conduced to establish the payment of $240 by Taylor to the other children to equalize his share, and that he had also paid several debts due from Chandler, in consideration of his having received said slave. These payments, however, amounted to considerably less than the value of the slave. It also appears that, at the time of the division, a bill of sale was executed to this slave by said Chandler.

The presiding judge charged the jury:

1. That, if they believed it was the object of John Chandler to give his property to his descendants, the fact that the claimant paid to other distributees certain sums of money in order to equalize their shares in said division, so as to obtain the slave Reuben for himself, would not constitute him a purchaser of said slave;

2. That, if the claimant obtained said slave from John Chandler, partly as a gift and partly as a purchase, that is, if Chandler designed to give his property to his descendants, who were to pay his debts out of it, contributing ratably to such payment, and equalizing each other's shares by payments to each other, but to retain what remained as a gift, then the property was subject.

These charges were excepted to by the claimant, and are now assigned for error.

RICE & MORGAN, and J. B. MARTIN, for plaintiff in error.
WHITE & PARSONS, contra.

CHILTON, J.—The Circuit Judge clearly misconceived the law in both the charges which he gave to the jury. In a court of law, we think there can be no doubt, but that Taylor occupies the position of a purchaser for a valuable consideration, and this consideration, although it may not be

equal to the value of the slave, and although the grantor designed the difference as a gift, is nevertheless sufficient to support the contract and pass the legal title to the purchaser, to whom the possession of the slave was transferred immediately upon the purchase. There is no fraud either alleged or proved in the transaction. Indeed, so far from being designed to defraud Chandler's creditors, provision is expressly made for their payment. The effect of a condemnation of the property would be, to visit on Taylor all the consequences of a fraud, by compelling him to lose what he has paid towards the extinguishment of the debts of Chandler. To this extent he has a clear equity, and he has the legal title, so that in a court of law, which is incapable of separating the interest which he has in the property from that which should be subjected to the grantor's debts, he must be regarded as the owner of the slave. A court of equity alone is competent to do complete justice between the parties, and to enforce the charge upon the property in behalf of the creditor, first refunding to Taylor the amount he has paid towards the debts of Chandler. The case of Lanier v. The Br. Bank, 18 Ala. 625, is clearly opposed to the view taken by the court below as contained in his charges.

It follows, that the judgment must be reversed, and the cause remanded.