## GREEN vs. BRANCH BANK AT MONTGOMERY.

[TRIAL OF RIGHT OF PROPERTY IN SLAVE.]

1. *Validity of trust deed.*—A deed of trust, executed before the adoption of the Code, by which a debtor conveyed all his property to a trustee, in trust for the payment of his debts and the support of his wife and children, is not fraudulent on its face as against creditors; the provision for the payment of debts not being vitiated by the provision for the benefit of the grantor's family.

APPEAL from the Circuit Court of Monroe.

Tried before the Hon. C. W. RAPIER.

THIS was a trial of the right of property in a slave named Frank, between the Branch Bank at Montgomery, plaintiff in execution against Warren Green, and said Green as claimant, under his appointment by the chancery court as trustee in a deed hereinafter mentioned. The plaintiff's judgment was rendered at the spring term, 1842, of the circuit court of Montgomery; and was founded on the defendant's promissory note for $300, dated April 1, 1840, and payable ninety days after date. The execution on this judgment, under which the levy was made, was issued on the 1st February, 1856, and levied on the 26th March next following. The deed

under which the claimant derived title, was executed by himself on the 25th October, 1841, was attested by two witnesses, and was in the following words :

"State of Alabama, ⎱ Know all men by these presents, Pike County. ⎰ that I, Warren Green, of said county, in consideration of my desire to make provision for my just creditors, and for my wife and children, as also in consideration of the sum of one dollar to me in hand paid by Henchey Green, of the county of Barbour, do hereby bargain, sell, enfeoff, deliver and convey to said Henchey Green, all the lands and tenements, to-wit," (describing them,) " also, the following personal property, to-wit, slave Lucy, a woman aged about thirty years, Kate, a girl about twelve years old, *Frank*, a boy about ten years old, Isaac, a boy about eight years old, Ben, a boy about six years old, Alice, a girl about three years old, Jacob, a boy about two years old, and Winny, a girl about three months old, all children of said Lucy; also, Dorcas, a woman aged about twenty-five years, and her children, to-wit, Ned, aged about ten years, and Milly, a girl about four years old; also, Sarah, a girl aged about twelve years ; also, stock, to-wit, all my stock of cattle, being about one hundred and fifty head, sixty head of hogs, nine head of sheep, nine head of goats, six head of horses ; also, this other personal property, to-wit, one road-wagon, one Jersey-wagon, one clock, four beds and furniture, now at my residence, as also all other property, whether lands, goods, or choses in action, I may now own, or be in any manner entitled to ; to have and to hold all and singular the lands, slaves, personalty, and choses aforesaid, to him, the said Henchey Green, his heirs, executors, administrators and: assigns, absolutely, in fee-simple, forever; in trust, however, for the sole use and benefit of said creditors, wife and children; and all or any part of said property, both real and personal, the said Henchey may bargain, sell and deliver, as necessity may require, to pay any just debt I may now owe, or liability I may now be under; and the said Henchey, his heirs or assigns, may bargain, sell and deliver all or any of said property for the payment of my present debts and

liabilities, as also to enable the family to remove, in case they desire to do so, and also to pay such debts as may be hereafter created for the necessary expenses of my said wife and children. In testimony whereof," &c.

On the trial, as appears from the bill of exceptions, the plaintiff proved the rendition of its judgment, the note on which it was founded, the issue of the execution, its levy on the slave in controversy while in the defendant's possession, and the value of the slave. The claimant then read in evidence the deed of trust above copied, and introduced testimony tending to show, that the slave in controversy was one of those conveyed by said deed of trust; that the trustee named in the deed had died, and that he had been appointed trustee in his stead by the chancery court.

"The court charged the jury, among other things, that if Warren Green, before and at the time of the execution of said deed of trust, was indebted to the plaintiff, then said deed was void as against the plaintiff, and said Green's title to the property therein mentioned was not divested, so as to prevent it from being liable to an execution in favor of the plaintiff on such indebtedness.

"To this charge the claimant excepted, and then requested the court to instruct the jury as follows:

"'1. That if the deed of trust conveys all the property of the maker, and makes a provision for all his just and subsisting debts, the deed is not void as to creditors, and the property conveyed is not liable to an execution at law.'

"'2. That if they believe from the evidence that the deed of trust conveys all the property of the maker, and makes a provision for all his just and subsisting debts, the proper remedy for creditors is in a court of chancery, and not in a court of law.'

"The court refused each of these charges, and to each refusal the claimant excepted;" and he now assigns as error the charge given, and the refusal of the charges asked.

E. S. DARGAN, and JNO. T. TAYLOR, for the appellant.

S. J. CUMMING, contra.

STONE, J.—The bill of exceptions in this case does not assume to set out all the evidence. It does not inform us whether the deed of trust was delivered, or whether the trust deed was ever recorded. Perhaps, if either of these essentials were shown to have been omitted, it would be fatal to the claim interposed in this case.

The affirmative charge, however, does not rest on either of the grounds above stated. It pronounced the deed fraudulent in law, and void on its face, as against creditors of the graator, to whom he was indebted when he executed the trust deed. The debts sought to be collected in this proceeding had been incurred before the deed was executed; and under the charge, the jury had no discretion, but were bound to find the property subject, although the deed may have been duly delivered and recorded. It will be observed that the deed in this case was executed in 1841, and hence it is not governed by the Code, § 1550.

In Riggs v. Murray, 2d Johns. Ch. 565, insolvent debtors conveyed all their property in trust, to pay, 1st, the expenses of the trust; 2d, a sum not excceeding $2000 per annum for each of the grantors, (four in number,) towards their support, until they should be respectively discharged from their debts, &c.; 3d, to pay certain creditors named; 4th, to pay themselves (the trustees) certain specified debts; and, 5th, to pay other debts," &c. Chancellor Kent, in considering that part of this assignment which reserves a part of the fund to the support of the grantors, said: "A reservation of a part of the interest to himself, does not destroy the provision in respect to the residue; though, if the part unreserved be deficient, the creditors might, perhaps, apply to a court of equity for the residue."

This case was taken to the court of errors; and the opinion of the chancellor, expressed above, was affirmed. 15 John. 571.

In Anderson v. Hooks, 9 Ala. 704, this court said,— "Although a deed may be void in part, by a statute, yet it will be valid for the residue, unless the statute avoids it for all purposes. The statute of frauds merely declares,

that the gift, grant or conveyance, if made with the intent or purpose to defraud creditors, is clearly and utterly void. Now, a single deed may evidence a gift, grant or conveyance to different individuals, and of distinct objects, and may be invalid as to one of the grantors, without affecting the others." See, also, Mackie v. Cairns, 5 Cowen, 547; Estwick v. Cailland, 5 T. R. 420; Tarbock v. Marbury, 2 Verm. 510; Taylor v. Branch Bank at Huntsville, 21 Ala. 581.

The above authorities, it seems to us, are conclusive to show, that the provision in the deed for the payment of all the grantor's just debts, is not necessarily avoided by the other provision for the support of the grantor's family.

It results from what we have said, that the court erred in the affirmative charge given.

Each of the charges asked by the claimant, and refused by the court, is essentially defective in this, that each ignores the *bona fides* of the trust deed. If these charges are in other respects unexceptionable, they were rightly refused, because they do not refer to the jury the question of the good faith of the deed of trust.

If it shall be shown that the deed was executed and delivered, and was recorded as required by law; and the jury, under appropriate charges, shall not find that the deed was executed to delay, hinder or defraud creditors, then the law does not pronounce it fraudulent.

For the single error in giving the affirmative charge, the judgment of the circuit court is reversed, and the cause remanded.